UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

WILFREY N. CARRASQUILLO,

         Plaintiff,

  v.                        9:25-CV-1566
                             (BKS/DJS)

DEPUTY K. KENNEDY, et al.,

         Defendants.

_____

APPEARANCES:

WILFREY N. CARRASQUILLO
Plaintiff, pro se
05001498
Onondaga County Justice Center
555 South State Street
Syracuse, NY 13202

BRENDA K. SANNES
Chief United States District Judge

### DECISION and ORDER

## I.  INTRODUCTION

Plaintiff Wilfrey N. Carrasquillo commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis ("IFP"). Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application"). By Decision and Order entered on December 26, 2025, the Court granted plaintiff's IFP Application, reviewed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), and dismissed each of plaintiff's claims without prejudice for failure to state a claim upon which relief may be granted. *See* Dkt. No. 5 ("December 2025 Order").

1

Presently before the Court is plaintiff's amended complaint.  Dkt. No. 7 ("Am. Compl.").

## II.   SUFFICIENCY OF THE AMENDED COMPLAINT

### A.   The Complaint and December 2025 Order

In the original complaint, plaintiff asserted Section 1983 claims against Corrections Officer Kennedy, Corrections Sergeant Mancini, Corrections Lieutenant Okun, and Hearing Officer Kolakowski based on alleged wrongdoing that occurred during his incarceration at the Onondaga County Justice Center as a pretrial detainee.  *See generally*, Compl.  More specifically, the complaint alleged that on April 12, 2025, defendant Kennedy issued plaintiff a false misbehavior report, defendants Mancini and Okun refused to examine video footage that would have refuted the disciplinary charges and instead placed him in a special housing unit ("SHU") cell, and defendant Kolakowski falsely represented that plaintiff accepted a guilty plea on April 17, 2025, and imposed a sentence of time served.  *Id*.

The complaint was liberally construed to assert Fourteenth Amendment disciplinary due process claims against the named defendants.  *See* December 2025 Order at 6.

Following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1), plaintiff's claims were dismissed without prejudice for failure to state a claim upon which relief may be granted.  *See* December 2025 Order at 7-13.

### B.   Review of the Amended Complaint

Because plaintiff is an inmate suing one or more government employees, his amended complaint must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).  The legal standard governing the review of a pleading pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the December 2025

2

Order and it will not be restated in this Decision and Order.  *See* December 2025 Order at 2-4.

The allegations in the amended complaint are materially similar to the allegations in the original complaint, with a few exceptions.  First, the amended complaint no longer names Deputy Sergeant Mancini as a defendant.  *See* Am. Compl. at 1-2.  Second, the amended complaint alleges that plaintiff was initially placed in keeplock on April 12, 2025, before being transferred to the SHU, so that officials could "figure out what [was] going on[.]"  *Id*. at 1-4.  Third, the amended complaint alleges that video evidence is reviewed by "the Sgt. or the Lieutenant . . . right away" when a "fight take[s] place" between inmates, but defendant Okun refused to review video evidence of plaintiff's encounter with defendant Kennedy before placing him in the SHU.  *Id*. at 13-15.  Fourth, the amended complaint asserts both individual and official capacity claims against the named defendants.  *Id*. at 1-4.

Plaintiff also repeats his allegations that he served five days in restrictive confinement before defendant Kolakowski imposed a sentence of time served based on a "lie that [plaintiff] [took] a 'plead [sic] agreement' when in fact . . . [he] never went to no disciplinary hearing[.]"  Am. Compl. at 15-16.  Plaintiff alleges that he lost his prison job as a result of the false charges against him.  *Id*. at 16-17.

 Liberally construed, the amended complaint asserts Fourteenth Amendment disciplinary due process claims against defendants Kennedy, Okun, Kolakowski, and Onondaga County.[1]

---

[1]  Insofar as plaintiff asserts official capacity claims against the defendants, such claims are, in effect, claims against Onondaga County.  *See Lore v. City of Syracuse*, 670 F.3d 127, 164 (2d Cir. 2012) ("claim asserted against an individual in his official capacity . . . is in effect a claim against the governmental entity itself . . . 'official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent.'" (quoting *Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 691 n.55 (1978)); *Bryant v. Maffucci*, 923 F.2d 979, 986 (2d Cir. 1991) ("In bringing suit against defendants in their official capacities, Bryant has

Plaintiff seeks money damages.  Am. Compl. at 7.  For a more complete statement of plaintiff's claims, reference is made to the amended complaint.

## C.   Analysis

Plaintiff brings this action pursuant to Section 1983, which establishes a cause of action for "'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); *see also Myers v. Wollowitz*, No. 6:95-CV-0272 (TJM/RWS), 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights." (citation omitted)).  "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere."  *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citation omitted).

### 1.  Due Process Claims Against Kennedy, Okun, and Kolakowski

The Due Process Clause of the Fourteenth Amendment states: "[n]o State shall ... deprive any person of life, liberty, or property without due process of law."  U.S. Const. amend. XIV § 1.  To state a procedural due process claim, there must first be a liberty or property interest that requires protection.  *See generally Valmonte v. Bane*, 18 F.3d 992, 998 (2d Cir. 1994) ("[P]rocedural due process questions [are analyzed] in two steps: the first asks whether there exists a liberty or property interest which has been interfered with by the State;

---

effectively brought suit against the governmental unit that employs them, Westchester County. . . . She must show the deprivation of her rights was caused by a policy that was deliberately indifferent to those rights. . . . . And, further she must demonstrate that the county made some deliberate choice, implemented through policy or custom, which is the moving force behind the constitutional violation." (internal quotation marks and citations omitted)).  Accordingly, the Court also construes the complaint to assert Section 1983 claims against Onondaga County.

the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient.") (citing *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)).

"Pretrial detainees have a liberty interest in being free from punishment prior to conviction under the Due Process Clause." *Washington v. Falco*, No. 20-CV-3009, 2021 WL 797658, at *7 (S.D.N.Y. Mar. 1, 2021) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). "[W]hen a restriction is placed on a pretrial detainee for disciplinary reasons, '[p]rocedural due process requires that a pretrial detainee be given written notice, adequate time to prepare a defense, a written statement of the reasons for action taken, and a limited ability to present witnesses and evidence before being subjected to punitive as opposed to administrative measures.'" *Id.* (quoting *Almighty Supreme Born Allah v. Milling*, 876 F.3d 48, 55 n.3 (2d Cir. 2017)); *see also Wolff v. McDonnell*, 418 U.S. 539, (1974) (requiring written notice, adequate time to prepare a defense, a written statement of the reasons for action taken, and a limited ability to present witnesses and evidence prior to imposition of disciplinary deprivations of liberty interest in prison setting); *Benjamin v. Fraser*, 264 F.3d 175, 190 (2d Cir. 2001) (noting that "facility officials who believe a [pretrial] detainee is dangerous" may "restrain him immediately[,]" provided that "subsequent procedures that conform to the requirements of *Wolff*" are utilized).

As with the original complaint, the amended complaint alleges that defendant Kennedy falsely accused plaintiff of wrongdoing on April 12, 2025, defendants Mancini and Okun failed to investigate the validity of the accusations and instead placed him in a SHU cell, and defendant Kolakowski presided over his disciplinary hearing arising out of the false charges.

As an initial matter, inmates do not have a constitutional right of access to an investigation into alleged wrongdoing. *See, e.g.*, *DeShaney v. Winnebego Soc. Servs.*, 489 U.S. 189, 196 (1989) (The Due Process Clause "generally confers no affirmative right to governmental aid, even where that aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual."); *Pine v. Seally*, No. 9:09-CV-1198 (DNH/ATB), 2011 WL 856426, at *9 (N.D.N.Y. Feb. 4, 2011) ("To the extent that plaintiffs attempt to assert a separate constitutional claim of 'failure to investigate,' the law is . . . clear that inmates do not enjoy a constitutional right to an investigation of any kind by government officials.") (citing *Bernstein v. New York*, 591 F. Supp. 2d 448, 460 (S.D.N.Y. 2008) (collecting cases)). Thus, insofar as plaintiff asserts a due process claim against defendant Okun based on this official's refusal to examine video footage of the incident involving defendant Kennedy, and instead defer to the disciplinary process, he has failed to adequately allege a cognizable Section 1983 claim.

In addition, with respect to defendant Kennedy's alleged issuance of a false misbehavior report, a brief period of restrictive confinement, without any allegations as to the conditions of the confinement, does not trigger a liberty interest. *See* December 2025 Order at 9 (collecting cases). However, even if the Court were to infer that plaintiff's placement in SHU for five days while awaiting a disciplinary hearing may be considered "punishment" that triggered a liberty interest, plaintiff acknowledges that he received written notice of the disciplinary charges, and he was released from restrictive confinement before the date of his scheduled hearing. *See* Am. Compl. at 14-16. Furthermore, although plaintiff alleges that defendant Kolakowski "lied" about plaintiff pleading guilty to one of the disciplinary charges, he has once again failed to allege that he suffered any harm as a result of this alleged false

statement, having been released from restrictive confinement several days before his scheduled hearing. *See Powell v. Coughlin*, 953 F.2d 744, 750 (2d Cir. 1991) (harmless error analysis applies to prison disciplinary proceedings); *Bolanos v. Coughlin*, No. 91-CV-5330, 1993 WL 762112, at *19 (S.D.N.Y. Oct. 15, 1993) ("Plaintiff's right to assistance to prepare for defense was not violated, although plaintiff claims that his assistant failed to provide his medical records to him. . . . The hearing officer, Mr. Kehn, went to the medical department to review the records. Any error, therefore, was cured, and plaintiff was not prejudiced. It was also harmless, because any evidence from the medical records would not have resulted in a different disposition[.]").[2]  In other words, the Court also has no basis to plausibly infer that plaintiff was deprived of the process to which he was entitled in connection with the disciplinary charges against him.

Accordingly, and for the reasons set forth in the December 2025 Order, plaintiff's due process claims against defendants Kennedy, Okun, and Kolakowski are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### 2.  Municipal Liability Claims

Because plaintiff has failed to state an underlying claim against any of the individually named defendants, there can be no claim for municipal liability. *See, e.g., Segal v. City of*

---

[2] To the extent plaintiff alleges that he lost his prison job following these events, one of the documents attached to the original complaint appears to indicate that plaintiff temporarily quit the job before returning four months later. *See* Dkt. No. 1-1 at 5.  In any event, the loss of a prison job is not a deprivation of a liberty interest. *See LaBounty v. Adler*, 933 F.2d 121, 124 (2d Cir. 1991) ("[E]xclusion from the prison's maintenance electrician program[ ] does not even constitute 'punishment,' let alone punishment that is 'cruel and unusual.' "); *Bussey v. Phillips*, 419 F. Supp. 2d 569, 579-80 (S.D.N.Y. 2006) (denying the plaintiff's due process claim arising from his termination from his prison job based on unproven facts in a misbehavior report and noting that "it is well settled that in New York a prisoner has no protected liberty interest in a particular job assignment" (internal quotation marks omitted)); *Harrison v. Fischer*, No. 08-CV-1327, 2010 WL 2653629, at *8 (N.D.N.Y. June 7, 2010), *adopted by* 2010 WL 2653477 (N.D.N.Y. June 29, 2010) (noting that "discharge from prison programming [such as work assignment programs] is also not a constitutional violation").

*New York*, 459 F.3d 207, 219 (2d Cir. 2006) (noting that once a "district court properly [finds] no underlying constitutional violation, its decision not to address the municipal defendants' liability under *Monell* [is] entirely correct"); *Henry-Lee v. City of New York*, 746 F. Supp. 2d 546, 567 (S.D.N.Y. 2010) ("[A] prerequisite to municipal liability under *Monell* is an underlying constitutional violation by a state actor.").

Accordingly, plaintiff's municipal liability claim against Onondaga County is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## III.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's Section 1983 claims are **DISMISSED without prejudice** and without leave to renew in this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that the Clerk **TERMINATE** the defendants and close this case; and it is further

**ORDERED** that the Clerk of the Court shall provide plaintiff with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam); and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on the plaintiff.

**IT IS SO ORDERED**.

Dated: <u>March 30, 2026</u>
　　　　Syracuse, NY

Brenda K. Sannes
Chief U.S. District Judge

8